IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBIN J. DAVLIN,**

       **Plaintiff,**

v.                                                               **No. CIV-10-0097 JB/LAM**

**MICHAEL J. ASTRUE,** **Commissioner**
**of the Social Security Administration,**

       **Defendant.**

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on *Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22)* in the amount of $3,097.50 for attorney's fees. In his response *(Doc. 23)*, the Commissioner does not object to Plaintiff's request for attorney's fees in this amount. The Court, having considered the submissions of counsel, the record in this case, and the relevant law, and being otherwise fully advised **FINDS** that Plaintiff's motion is well-taken and will be **GRANTED**.

**WHEREFORE, IT IS HEREBY ORDERED** that *Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 22)* is **GRANTED**, and Plaintiff Robin J. Davlin is authorized to receive **$3,097.50** for payment to her attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, he shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees

payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (citation omitted)).

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**